**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **VERNON O.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No.  ADC-20-3135** |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

On October 28, 2020, Vernon O. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claims for Supplemental Security Income ("SSI"). ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 13 & 14), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED, and the decision of the SSA is AFFIRMED.

## <u>PROCEDURAL HISTORY</u>

On July 20, 2017, Plaintiff filed a Title XVI application for SSI, alleging disability beginning August 1, 2009. ECF No. 12 at 18. His claim was denied initially and upon reconsideration on February 26, 2018 and December 7, 2018, respectively. *Id.* Subsequently, on December 18, 2018, Plaintiff filed a written request for a hearing and, on December 16, 2019, an Administrative Law Judge ("ALJ") presided over a hearing. At the hearing, Plaintiff amended the

alleged onset date to July 20, 2017. *Id.* On February 26, 2020, the ALJ rendered a decision ruling

that Plaintiff was not disabled under the Social Security Act (the "Act"). *Id.* at 36. Thereafter,

Plaintiff filed an appeal of the ALJ's disability determination, and on September 14, 2020, the

Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ

became the final decision of the SSA. 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530

U.S. 103, 106–07 (2000).

On October 28, 2020, Plaintiff filed the Complaint in this Court seeking judicial review of

the SSA's denial of his disability application. On May 5, 2021, Plaintiff filed a Motion for

Summary Judgment (ECF No. 13) and on July 8, 2021, Defendant filed a Motion for Summary

Judgment.[1] ECF No. 14. This matter is now fully briefed, and the Court has reviewed both parties'

motions.

<u>STANDARD OF REVIEW</u>

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A.   §

405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted).

The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's

review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported

by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d

635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not

with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not

conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld,

even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)).

---

[1] On July 30, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether

the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was

reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.,*

873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination

when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by

substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support

a conclusion. It consists of more than a mere scintilla of evidence but may be less than a

preponderance." *Pearson v. Colvin,* 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and

quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh

conflicting evidence, make credibility determinations, or substitute our judgment for that of the

ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is

disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue,* 667 F.3d 470,

472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the

"substantial evidence" inquiry, the court shall determine whether the ALJ has considered all

relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling

Smokeless Coal Co. v. Akers,* 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that he is under disability within

the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability

to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[his] physical or mental impairment or impairments are of such severity that [he] is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in

4

the Code of Federal Regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's RFC, which is then used at the fourth and fifth steps of the analysis.  20 C.F.R. § 404.1520(e).  RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529.  First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms.  20 C.F.R. § 404.1529(b).  Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work.  20 C.F.R. § 404.1529(c)(1).  At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant.  20 C.F.R. § 404.1529(c).  The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence.  SSR 96-7p, 1996 WL 374186, at *1–9 (July 2, 1996).  To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received

for his symptoms, medications, and any other factors contributing to functional limitations. *Id.*, at *5.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of July 20, 2017. ECF No. 12 at 21. At step two, the ALJ found that Plaintiff had the severe impairments of obesity, spondylosis and mild levoscoliosis, traumatic brain injury (TBI),

borderline intellectual functioning, depression, anxiety, personality disorder, polysubstance abuse

in remission, and PTSD. *Id.* At step three, the ALJ determined that Plaintiff did not have an

impairment or combination of impairments that met or medically equaled the severity of one of

the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, the ALJ determined

that Plaintiff had the RFC:

> to perform a range of light work as defined in 20 CFR 416.967(b)
> except with the option to change positions up to 3 times per hour for
> up to 10 minutes each time while remaining on task and may use a
> cane for ambulation; occasionally climb ramps/stairs; no climbing
> ladders/ropes/scaffolds; occasional[ly] balance, stoop, kneel,
> crouch; never crawl; can perform simple routine tasks; can have
> occasional contact with co-workers but no contact with the general
> public; can maintain concentration, persistence and pace in 2-hour
> increments, but would have difficulty completing detailed or
> complex instructions; can adapt to occasional changes in a routine
> work setting.

ECF No. 12 at 26-27. The ALJ then determined that Plaintiff was unable to perform any past

relevant work. *Id.* at 33. Finally, at step five, the ALJ found that, "[c]onsidering [Plaintiff]'s age,

education, work experience, and [RFC], there are jobs that exist in significant numbers in the

national economy that [Plaintiff] can perform." *Id.* at 34. Thus, the ALJ concluded that Plaintiff

"ha[d] not been under a disability, as defined in the [Act], since July 20, 2017, the amended alleged

onset date, and the date the application was filed." *Id.* at 35.

## DISCUSSION

Plaintiff raises four allegations of error on appeal: the ALJ (1) improperly considered

Plaintiff's ability to concentrate; (2) improperly considered Plaintiff's obesity; (3) improperly

evaluated Dr. Arnheim's opinion; and (4) failed to consider Plaintiff's use of a cane in his RFC.

Each of Plaintiff's arguments lack merit and are addressed below.

7

A. The ALJ's RFC determination properly accounted for Plaintiff's moderate limitation in concentration.

At step three of the sequential evaluation, the ALJ determined that "[w]ith regard to concentration, persistence or pace, [Plaintiff] has a moderate limitation." ECF No. 12 at 25. The ALJ then determined that Plaintiff has the RFC in part to "have occasional contact with co-workers but no contact with the general public; [Plaintiff] can maintain concentration, persistence, and pace in 2-hour increments, but would have difficulty completing detailed or complex instructions; [and] can adapt to occasional changes in a routine work setting." *Id.* at 27. Plaintiff contends that the ALJ's use of 2-hour increments "has never been found to be acceptable to describe a moderate impairment in concentrating, persisting and maintaining pace" according to *Mascio.* ECF No. 13-1 at 6. The Court disagrees.

In *Mascio,* the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task. The latter ability concerns the broad functional area of concentration, persistence, or pace. *Mascio,* 780 F.3d at 638. Unlike in *Mascio,* the ALJ's RFC assessment in this case included the limitations of no more than occasional decision making, no more than occasional changes in the work setting, and no more than occasional interactions with coworkers and no interaction with the public. ECF No. 12 at 27. This Court has acknowledged that a limitation related to a claimant's ability to stay on task, such as a limitation to work with few changes, adequately accounts for a claimant's moderate limitations in concentration, persistence, and pace. *See, e.g., Lathan v. Comm'r, Soc. Sec. Admin.,* No. SAG-15-444, 2016 WL 1056562, at *3 (D.Md. Mar. 16, 2016) (finding no error where the ALJ restricted the claimant's RFC to non-production work which "should not include productions [sic] standards, judgment changes, and/or *frequent general changes to the routine work environment*" (emphasis added)); *Chase v. Comm'r, Soc. Sec. Admin.,* No. SAG-14-2961, 2016 WL 199410, at *1, *3 (D.Md. Jan. 15, 2016) (finding

no error where the ALJ restricted the claimant's RFC to "simple, routine, and repetitive tasks, in a 'low stress' job (defined as requiring no more than occasional decision making and *no more than occasional changes in the work setting*) . . . ; with no interaction with the general public; and with no more than occasional interaction with co-workers" (emphasis added)); *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053 at *3 (D.Md. Nov. 6, 2015) (finding no error where the RFC limited claimant to "a low stress environment, such that there are *few changes in the work setting* and no fast-paced or quota production standards" (emphasis added)).  Moreover, this Court has held that a limitation to "occasional decision-making" accounts for a claimant's moderate difficulties in concentration, persistence, and pace. *Green v. Berryhill*, No. TMD 15-3467, 2017 WL 1048155, at *8 (D.Md. Mar. 20, 2017) (determining that "the ALJ's inclusion of a limitation in the assessment of Plaintiff's RFC and in the hypothetical questions to the VE to low-stress work, defined as "occasional decision-making" and "no fast paced production," accounts for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace" (internal record citation omitted)).

Here, contrary to Plaintiff's assertions, the ALJ's finding appropriately addressed Plaintiff's moderate limitation in concentrating and ability to stay on task by restricting Plaintiff to work in 2-hour increments with a limitation on completing detailed or complex instructions and changes in a routine work setting. ECF No. 12 at 27.  Furthermore, the ALJ adequately discussed her reasoning for his description of the work that Plaintiff is able to do on a regular and continuing basis, *id.* at 27–33, and Plaintiff fails to point to any evidence to support his assertion that he would be off task or otherwise absent from work, making him unable to work a full day.  Thus, the ALJ's RFC assessment adequately accounted for Plaintiff's moderate limitation in concentration.

B.  The ALJ properly considered Plaintiff's obesity.

Plaintiff next challenges the ALJ's evaluation of Plaintiff's obesity. Plaintiff contends that the

ALJ "utilized [Plaintiff's] reported height which is 3-4 inches taller than he actually is" resulting

in a lower body mass index ("BMI") of 41. ECF No. 13-1 at 6. Plaintiff argues that his BMI "was

as high as 46" and thus, this limitation improperly adjudicated. *Id.* at 6-7. However, this claim

lacks merit.

SSR 19-2p explains the administration's policies for evaluating a claimant's obesity.  SSR

19-2p mandates that the ALJ consider both the individual and cumulative effects of obesity at steps

two through five of the five-step inquiry.  SSR 19-2p, 2019 WL 34686281, at *3–7 (Sept. 12,

2002); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1 (2002) ("[W]hen determining whether an

individual with obesity has a listing-level impairment or combination of impairments, and when

assessing a claim at other steps of the sequential evaluation process, including when assessing an

individual's [RFC], adjudicators must consider any additional and cumulative effects of obesity.").

"[An ALJ] will not make assumptions about the severity or functional effects of obesity combined

with other impairments.  Obesity in combination with another impairment may or may not increase

the severity or functional limitations of the other impairment.  [The ALJ] will evaluate each case

based on the information in the case record."  SSR 19-2p, at *5.

The ALJ first states that "[i]n conjunction with [Plaintiff's] current application for disability,

the [Plaintiff] indicated that he was five feet-ten inches tall and weighed 290 pounds." ECF No.

12 at 22. The record confirms that Plaintiff self-reported this data and even if the reported

information is incorrect, the ALJ still accounted for Plaintiff's weight changes by considering a

BMI of up to 45.4. ECF No. 12 at 28, 232. The ALJ clearly considered Plaintiff's various BMIs in

conjunction with his other impairments, as outlined in the RFC analysis. ECF No. 22-29. The

Court therefore finds that the ALJ properly considered Plaintiff's obesity.

C. The ALJ properly weighed the testimony of Dr. Arnheim.

Plaintiff contends that the ALJ improperly evaluated the opinion of treating psychiatrist,
Dr. Arnheim. ECF No. 13-1-1 at 7. Plaintiff argues that the ALJ's determination that Dr. Arnheim
"did not provide any specific vocational limitations, lessening the persuasiveness of his opinion"
contradicts the opinion of a non-examining psychologist which stated Dr. Arnheim's "opinion is
an overestimate of the severity of [Plaintiff's] restrictions/limitations." ECF No. 12-1 at 6. It
appears Plaintiff's issue is with the weight the ALJ assigned Dr. Arnheim's opinion.

A treating source's opinion on issues of the nature and severity of the impairments will be
given controlling weight when it is well supported by medically acceptable clinical and laboratory
diagnostic techniques and when the opinion is consistent with the other substantial evidence in the
record.  20 C.F.R. § 416.927(c)(2); *see Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017)
(quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927 (c)(2)) (stating that where a treating physician's
opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it
should be afforded significantly less weight).  Conversely, however, "the ALJ holds the discretion
to give less weight to the testimony of a treating physician in the face of persuasive contrary
evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  "[I]f a physician's opinion is not
supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be
accorded significantly less weight." *Craig*, 76 F.3d at 590.  In other words, "a treating physician's
opinion is to be accorded comparatively less weight if it is based on the physician's limited
knowledge of the applicant's condition or conflicts with the weight of the evidence." *Meyer v.
Colvin*, 754 F.3d 251, 256 (4th Cir. 2014) (citing *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(c)).
Generally, the more the medical source presents relevant evidence to support his opinion, and the
better that he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 416.927(c)(3).

11

Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See id.* § 416.927(c)(4); *see also Dunn v. Colvin*, 607 F.App'x 264, 268 (4th Cir. 2015). If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, including the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)–(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Here, the ALJ provided substantial evidence to support the determination that Dr. Arnheim's opinion is "only somewhat persuasive." ECF No. 12 at 32. After summarizing Dr. Arnheim's opinion the ALJ explained her reasoning as follows:

> [Dr. Arnheim's opinion] is consistent with [Plaintiff's] testing, which reflects borderline and extremely low range scores in cognitive functioning, as discussed above. However, it is not entirely consistent with [Plaintiff's] examination, which showed minor issues with needing problems repeated to [Plaintiff] before he was able to try to solve them, and slowness in performing visual-motor tasks due to pain, but [Plaintiff] was willing to volunteer information, and related in a "polite, cooperative manner, and making an overall generally favorable impression." Further, [the ALJ] notes that Dr. Arnheim did not provide any specific vocational limitations, lessening the persuasiveness of his opinion accordingly.

ECF No. 12 at 32 (internal record citations omitted).

First, the ALJ properly considered that Dr. Arnheim's opinion was generally consistent with other evidence in the record. The ALJ also determined however, that Dr. Arnheim's opinion contained some inconsistencies from his own examination of Plaintiff. *Rapczynski v. Colvin*, No.

WGC-15-2637, 2016 WL 4537765, at *10 (D.Md. Aug. 31, 2016) (determining that a medical opinion had little value where "it d[id] not rely on objective clinical signs uncovered during examinations of the claimant, but on subjective reports of the claimant (citation omitted)); *Barrow v. Astrue*, No. BPG-11-3393, 2013 WL 1431666 (D.Md. Apr. 8, 2013) (considering a treating psychiatrist's contradicting assertion about a claimant's lack of limitations when determining the weight to give the psychiatrist's later opinion about the claimant's psychiatric symptoms). These considerations constitute good reason for the ALJ to give less weight to Dr. Arnheim's opinion. *See Phillips v. Comm'r, Soc. Sec. Admin.*, No. ADC-15-3504, 2018 WL 2717838, at *2 (D.Md. June 5, 2018) (finding that an ALJ had further demonstrated that a treating psychiatrist's opinion was inconsistent with the other record evidence where the ALJ thoroughly considered other medical opinions, to which the ALJ gave more weight). Therefore, the Court finds that the ALJ's reasoning for determining the opinion of Plaintiff's treating psychiatrist to be only somewhat persuasive, was fully articulated in the ALJ's written decision and supported by good reasons and substantial evidence in the record. 20 C.F.R. § 404.1527(d). Accordingly, the ALJ did not err in this respect.

D. The ALJ's RFC is supported by substantial evidence.

Plaintiff's final argument is that the ALJ "did not make a pertinent realistic finding on [Plaintiff's] need to use a cane." ECF No. 13-1 at 9. Plaintiff contends that the ALJ complicated the "already turgid hypothetical with the conclusion that [Plaintiff] 'may' use a cane when walking...It is also hard to imagine that [Plaintiff] would have the discretion to use his cane when walking, but not when standing" ECF No. 13-1 at 9. It appears Plaintiff is suggesting that the ALJ erred in her RFC by not articulating that Plaintiff requires a cane for both standing and walking. The Court disagrees.

13

In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations.

Here, the Court finds that the ALJ's lengthy analysis and discussion of Plaintiff's medical history, hearing testimony, and the medical opinions of various treatment providers, properly addresses Plaintiff's impairments and limitations. ECF No. 12 at 27-33. The ALJ highlights the inconsistencies between Plaintiff's claims and treatment records and explains that "no examining doctor has determined [Plaintiff] is disabled, or even has limitations greater than those established

14

in the [RFC]." *Id.* at 29. For example, despite Plaintiff's allegations that his condition impacted his ability to "stand, walk, sit, kneel, and climb stairs" Plaintiff "indicated during a November 8, 2019, counseling visit that he had not fallen in the past 12 months and was not afraid that he might fall, and he was able to independently care for himself." *Id.* The ALJ also explains that Plaintiff's Function Report from December 2017 which showed Plaintiff "was able to care for an adult son with Asperger's and autism, prepare meals, ride in a car, go out alone, and manage money" undermined his "complaints of disabling symptoms and functional limitations." *Id.* at 30. The ALJ's reason for including Plaintiff's use of a cane while ambulating but not standing is supported in the RFC and in-depth analysis of Plaintiff's medical history. Therefore, the Court finds that the ALJ did not err and the RFC is supported by substantial evidence.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act from July 20, 2017, the amended alleged onset date, and the date the application was filed. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is DIRECTED to close this case.

Date: 12 August 2021

_____
A. David Copperthite
United States Magistrate Judge